**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

                                   )
UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )   Criminal No. 2008-57
          v.                       )
                                   )
LORENZO LIBURD,                    )
                                   )
          Defendant.               )
_____)
```

ATTORNEYS:

**Everard E. Potter, AUSA**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
    *For the defendant.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court are the motion and renewed motion of the defendant, Lorenzo Liburd ("Liburd"), for a mistrial.[1]

<u>**I. FACTUAL AND PROCEDURAL BACKGROUND**</u>

Liburd was charged in November 2008 with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and one count of attempt to

---

[1] Liburd also orally moved for a mistrial at trial on another ground not discussed here. That motion will be addressed in a separate opinion.

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 2

import a controlled substance in violation of 21 U.S.C. § 952(a).

Liburd's trial began on January 26, 2009 and ended on January 27, 2009. On the second morning of trial, Liburd filed a document entitled "Notice of Objections." In that document, Liburd asserts several objections. Shortly thereafter, Liburd filed a motion for a mistrial on the basis of those objections. During the jury's deliberations, Liburd also orally renewed his motion for a mistrial on one of the grounds asserted in his notice. Liburd has also filed a written motion that incorporates by reference the arguments asserted in his "Notice of Objections."

## II. DISCUSSION

Liburd first objects to the Court's not having ruled on his two pretrial motions for production of the Court's opening jury instructions. He contends that he was prejudiced by not having had the opportunity to review those instructions before making his opening statement. Liburd cites no authority to support his contention that a court is required to produce jury instructions to litigants in advance of trial. Instead, he relies on *United States v. Gallagher*, 576 F.2d 1028 (3d Cir. 1978). That reliance is misplaced.

In *Gallagher*, the defendants were charged with conspiracy, willful misapplication of bank funds and making false statements

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 3

in connection with loans.  After a jury found them guilty, the defendants appealed.  On appeal, the defendants argued that the trial court had run afoul of Federal Rule of Criminal Procedure 30.[2]  Before charging the jury, the trial judge discussed the jury instructions with the parties.  The trial judge did not, however, instruct the jury with the exact language the parties had proposed.  The Third Circuit noted that Rule 30 "was intended to be of substantial assistance to both counsel and the court." *Id.* at 1044.  The court explained that "[i]t is difficult for a skillful lawyer to intelligently argue his case to the jury without knowing to some degree at least what the court's instructions will be." *Id.* at 1043.  The court found that the

---

[2]  That rule, at the time *Gallagher* was decided, provided:

> At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.  At the same time copies of such requests shall be furnished to adverse parties.  The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed.  No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.  Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.

*Gallagher*, 576 F.2d at 1043.

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 4

trial judge, in failing to keep counsel informed of the final version of the jury charge, "substantially abandoned the concept of Rule 30 . . ., and counsel were, therefore, burdened in presenting closing arguments." *Id.* at 1043-44. The Third Circuit nevertheless found that the defendants had not been prejudiced by the trial judge's error, and thus concluded that a new trial was unwarranted on this ground.

*Gallagher* in no way supports Liburd's request for a mistrial. Nothing in that case can be taken to mean that a court is obligated to produce its opening instructions to a defendant before trial. Rather, *Gallagher* stands for the proposition that the court must afford the parties an opportunity to comment on and state their objections to the jury charge. In this case, as in all cases, this Court has abided by both the spirit and the letter of Rule 30's dictates. Indeed, the Court distributed a draft of the jury charge to counsel at the close of evidence, held a charging conference with counsel and allowed counsel to suggest changes to the jury charge. Counsel were also given an opportunity to put their objections on the record. Given these circumstances, Liburd's objection in this regard is not grounds for a mistrial.[3]

---

[3] It bears noting that Liburd's counsel has appeared in this Court in connection with dozens of other criminal proceedings. The Court's opening jury instructions have seldom

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 5

Liburd next objects to the Court's opening jury instructions themselves.  Specifically, he argues that he was prejudiced by the Court's having instructed the jury on the meaning of direct and circumstantial evidence but not on the meaning of reasonable doubt.  He asserts that the government was therefore able to use the direct and circumstantial instruction throughout trial while the defense was precluded from using the reasonable doubt instruction.  This objection need not detain the Court long, as it finds support in neither logic nor law.  The Court's practice in this case was entirely consistent with its practice in other cases as well as the practices of other courts in this circuit.

Liburd also objects to the Court's instruction on reasonable doubt.  Here again, Liburd has pointed the Court to no authority in support of his contention that this instruction was erroneous, much less prejudicial.  Importantly, that instruction was consonant with the state of the law as well as instructions given by other courts in this circuit.

Liburd next objects to the government's introduction of a statement he made to a government agent.  The Court's resolution of this objection requires some context.

After being indicted, Liburd moved to suppress physical

---

changed.  Defense counsel had only to access any docket of any case in which he has participated in order to obtain the Court's opening jury instructions.

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 6

evidence and statements. The Court held a hearing on the motion on January 7, 2009. At that hearing, the government expressed that it did not intend to use at trial any statements Liburd made to law enforcement agents. After the hearing, the Court denied Liburd's motion to suppress physical evidence.

At trial, during its case-in-chief, the government elicited testimony from a Transportation Security Administration ("TSA") agent regarding a statement Liburd allegedly made to that agent regarding the contents of Liburd's bag. The Court later held a sidebar conference with the parties. The government conceded that it had not disclosed Liburd's statement before trial.

The government's failure to disclose a statement made by the defendant and used at trial undisputedly violates Federal Rule of Criminal Procedure 16(a)(1)(A).[4] Accordingly, the Court met with the parties, both at sidebar and in chambers, to discuss what remedy, if any, was appropriate. At sidebar, the defense asked for a mistrial. That motion was denied from the bench. The

---

[4] Rule 16(a)(1)(A) provides:

> Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.

Fed. R. Crim. P. 16(a)(1)(A).

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 7

Court invited the defense to suggest a curative instruction. Later, in chambers, the Court distributed a draft of its proposed curative, to which the defense consented. That instruction reads as follows:

> During the course of this trial, you have heard certain statements attributed to the defendant regarding cheese in the defendant's bag. Those statements are improperly before you. You are therefore instructed to disregard any such statements in their entirety. That means that you may not consider such statements in any form or fashion.

In the Court's view, that instruction was an appropriate curative under the circumstances. Furthermore, there is no evidence before the Court that the government's discovery violation was willful or that Liburd was substantially prejudiced by that violation. As such, a mistrial is not warranted on this ground. *See*, *e.g.*, *United States v. Altamirano-Ramirez*, 92-50743, 1993 U.S. App. LEXIS 31025, at *14 (9th Cir. Nov. 24, 1993) (unpublished) ("Given that adequate curative jury instructions were given, and that the Rule 16(a)(1)(A) violation evidently caused little, if any, prejudice to [the defendant's] defense, the district court did not abuse its discretion in refusing to declare a mistrial.").

During the jury's deliberations, Liburd renewed his motion for a mistrial on a ground related to the government's discovery violation. The circumstances giving rise to that renewed motion

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 8

also bear discussion.

During the jury's deliberations, the Court received a note from the foreperson. That note stated that a particular juror, identified by juror number only, was swearing at other jurors and refusing to deliberate.[5] The Court immediately convened the parties and relayed the content of the note. The Court proposed sending written questionnaires to the jurors to confirm whether the note reflected the perspective of other members of the jury. The government did not object to that proposal. The defense objected, arguing that there was no reason at that point in the deliberations to ask any questions of the jurors. The defense recommended that the Court address the jurors collectively and instruct them to continue deliberating.

The Court also informed the parties that a Court Security Officer ("CSO") posted outside the deliberation room had observed a juror exit the deliberation room on more than one occasion. The Court told the parties that the CSO had instructed the juror to return to the deliberation room on all such occasions. The CSO's description of the juror appeared to correspond to the juror whose number was reflected in the foreperson's note.

In light of the foreperson's note and the CSO's

---

    [5] The Court did not disclose to the parties at that point the juror number stated in the note.

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 9

observations, the Court elected to send the jurors individual questionnaires to determine whether any jurors were refusing to deliberate in violation of their sworn duty. *See United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006) (holding "that where substantial evidence of jury misconduct - including credible allegations of jury nullification *or of a refusal to deliberate* - arises during deliberations, a district court may, within its sound discretion, investigate the allegations through juror questioning or other appropriate means") (emphasis supplied), *cert. denied*, 127 S. Ct. 3002 (2007).

The Court first addressed the jury in open court, instructing them to fill out the questionnaires and return them to the CSO for delivery to the Court. The questionnaires posed the following questions:

1. Are there any members of the jury who are refusing to deliberate?

1A. If you answer "yes" to Question 1, please explain the conduct that you observed that led you to that answer:

2. Are there any members of the jury who are refusing to follow the Court's instructions?

After the jury retired to the deliberation room to fill out the questionnaires, the Court, in the presence of counsel, questioned the CSO who had observed a juror exit the deliberation room. The CSO stated that a juror had come out of the room on

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 10

four separate occasions, asked whether the Court was ready to hear from the jury and reentered the room after being told to do so. The CSO also described the juror's attire. After the CSO was excused, the Court indicated to the parties that the CSO's description appeared to match that of juror 119. At that time, the Court disclosed to the parties that the foreperson's note also referred to juror 119.

Every juror filled out the questionnaire, placed it in an envelope and sent it back to the Court. After reviewing the questionnaires, the Court reconvened the parties to discuss the jurors' answers. Eleven jurors answered "yes" to questions 1 and 2. In response to question 1A, several jurors wrote that one juror was variably singing, cursing, threatening other jurors, speaking loudly to herself, using foul language, ignoring other jurors, sitting with her back to other jurors and refusing to communicate. In those eleven notes, juror 119 was identified by either juror number or seat number.

Juror 119 also answered "yes" to questions 1 and 2. In response to question 1A, juror 119 wrote that she felt that the other jurors were judging evidence that the Court had instructed them to disregard and asked the Court itself to decide Liburd's guilt or innocence. Juror 119 also included information that, in the Court's view, was inappropriate to be shared with counsel.

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 11

Based on the near-uniformity of eleven jurors' responses and the CSO's observations, the Court, with counsel present, called juror 119 to sidebar. The Court asked juror 119 whether she had ever left the deliberation room. She answered in the negative. When the Court asked whether she had ever come out into the hallway in front of the deliberation room, juror 119 stated that she had opened the door on only two occasions. When asked whether the CSO had instructed her to return to the room, she stated that she did not remember. The Court also asked juror 119 whether she had sung or cursed in the deliberation room. She answered that she had sung earlier in the day but had not cursed. The Court invited the parties to ask questions of juror 119. Both parties initially declined. The defense then asked the juror if she was refusing to deliberate. The juror answered in the negative.

Based on the totality of the circumstances, the Court concluded that excusing juror 119 was appropriate. The Court found juror 119's statements wholly inconsistent with the statements of the eleven other jurors and the CSO. The Court further found that there was substantial evidence that the juror was refusing to deliberate and to follow the Court's instructions.

Before excusing juror 119, the Court received another note

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 12

from the jury foreperson. That note stated that juror 119 had left the courthouse the day before with her notes and that she was otherwise not following the Court's instructions. The defense again moved for a mistrial, asserting that juror 119's questionnaire indicated that the other jurors were considering statements uttered by Liburd that the Court had specifically instructed the jury to disregard.

Thereafter, the Court excused juror 119 and substituted her with an alternate juror.

The Court again reviewed juror 119's questionnaire in the presence of counsel. In the Court's view, it was not apparent that the evidence to which juror 119 alluded was the evidence that the Court had specifically instructed the jury to disregard. The Court further found that its original curative more than adequately remedied the Government's discovery violation. *See United States v. Hakim*, 344 F.3d 324, 330 (3d Cir. 2003) (noting "the presumption that juries follow the instructions given by district courts" (citing *United States v. Newby*, 11 F.3d 1143, 1147 (3d Cir. 1993)). Accordingly, to the extent Liburd's motion for a mistrial is predicated on a vague reference by a juror the Court has found wholly not credible, the motion will be denied.

Finally, Liburd asserts that the Court unnecessarily restricted his cross-examination of government witnesses.

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 13

Specifically, he complains of being precluded from eliciting testimony about: an alleged dispute between Virgin Islands Port Authority ("VIPA") officials and federal law enforcement officials; an agricultural checkpoint controlled by Customs and Border Protection; the government's alleged hampering of the defense's investigation at the Cyril E. King Airport; and the street price for two kilograms of cocaine.

Liburd's arguments about an alleged interagency dispute and the government's hampering of his investigation, are largely moot. During the defense's case-in-chief, Liburd's counsel elicited testimony from a VIPA official. According to that official, TSA officials refused to comply with a VIPA inquiry into allegations that federal law enforcement agents had a physical altercation with VIPA officials at the time Liburd was taken into custody at the airport. The VIPA official did not pursue the matter because he did not wish to interfere with federal authorities. The defense also elicited testimony that a government prosecutor instructed federal law enforcement officials at the airport not to talk with defense representatives. Thus, the testimony that Liburd maintains was improperly prohibited was in fact presented to the jury. To the extent the Court restricted inquiry into these matters, such a restriction was consistent with the Court's gate-keeping function

*United States v. Liburd*
Criminal No. 2008-57
Memorandum Opinion
Page 14

under Federal Rule of Evidence 403.[6]

For similar reasons, under Rule 403, the Court barred testimony about the agricultural checkpoint[7] and the street price for cocaine. Such testimony was wholly extraneous to the issues presented in this matter and also risked confusing or distracting the jury. In any event, the Court's rulings in this regard in no way merit a mistrial.

### III. CONCLUSION

For the foregoing reasons, Liburd's motion for a mistrial and renewed motion for a mistrial will be denied. An appropriate order follows.



S\_____
    CURTIS V. GÓMEZ
      Chief Judge

---

[6] Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

[7] The defense asked a TSA agent whether there is an agricultural checkpoint after the Customs and Border Protection screening section at the airport. The agent answered affirmatively. The defense then asked whether TSA searches for agricultural products at that checkpoint. The agent again answered affirmatively. The government objected. The Court sustained the objection.